UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 14-01409-CJC(JPRx)          Date: November 17, 2014

Title: WELLS FARGO BANK, N.A. V. IVAN RIVERS, ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Melissa Kunig          N/A
Deputy Clerk          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present          None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR IMPROPER REMOVAL**

       On September 3, 2014, Defendants Ivan Rivers, Caroline Walker, Joshua Gordon, Sarah Burns, and Aura McClain (collectively, "Defendants") removed this unlawful detainer action originally filed in the Orange County Superior Court by Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") to this Court for the third time this year. (Dkt. No. 1 ["Notice of Removal"]; *see also* Dkt. No. 8, Decl. of Gina L. Albertson ISO Pl.'s Resp. to the Ct.'s Order to Show Cause Exhs. C, D; Dkt. No. 1 ["Compl."][bringing a limited jurisdiction action where amount demanded does not exceed $10,000].).

       A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Whether subject matter jurisdiction exists may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-01409-CJC(JPRx)            Date: November 17, 2014
                                        Page 2

---

raised by the Court *sua sponte* at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

       Defendants here assert two bases for federal jurisdiction. First, Defendants assert, without sufficient explanation, that this Court has federal question jurisdiction over this matter because it arises out of federal laws regarding civil rights, fraud, debt collections practices, and maritime disputes. (*See* Notice of Removal); *see also* 28 U.S.C. § 1331. Federal question jurisdiction is determined under the "well-pleaded complaint rule," under which "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, "[t]he rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Here, Defendants have failed to meet their burden of establishing federal question jurisdiction. This case appears to be a straightforward action for unlawful detainer, a state law claim. (*See* Compl.) The federal statutes Defendants cite to in their notice of removal do not appear on the face of the Complaint and instead, appear to be Defendants' possible defenses to the Complaint.

       Second, Defendants argue that the Court has diversity jurisdiction and merely assert that the amount-in-controversy is $1,500,000. Defendants cannot assert diversity jurisdiction in such manner because the Complaint clearly seeks damages no greater than $10,000. (*See* Compl.). The amount in controversy requirement is therefore not satisfied. *See* 28 U.S.C. § 1332. Furthermore, the Court cannot ascertain diversity as Defendants incorrectly assume that Wells Fargo is domiciled in California, *see Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 715 (9th Cir. 2014), and further fail to state where Defendants themselves are domiciled, (*see* Notice of Removal).

//
//
//
//
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-01409-CJC(JPRx)          Date: November 17, 2014
         Page 3

---

      Because there is no subject matter jurisdiction over this action, removal is improper.  The Court, on its own motion, thus **REMANDS** this action to Orange County Superior Court.  The Court further warns Defendants that any further attempt to remove this action is improper and will result in the Court issuing an order to show cause why Defendants should not be sanctioned and designated as vexatious litigants.

em

MINUTES FORM 11
CIVIL-GEN          Initials of Deputy Clerk MKU